Marcus **BRUCKNER**, Appellant (Defendant),

v.

The **STATE** of Wyoming, Appellee (Plaintiff).

No. 98–78.

Supreme Court of Wyoming.

Feb. 3, 1999.

Sylvia L. Hackl, State Public Defender; and Donna D. Domonkos, Appellate Counsel, for Appellant.

Gay V. Woodhouse, Deputy Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Barbara L. Boyer, Senior Assistant Attorney General, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

Appellant Marcus Bruckner appeals from the portion of his judgment and sentence which ordered him to pay $2,390.46 for the costs of litigation.

We affirm.

## ISSUES

Bruckner presents a single issue for our review:

Whether the district court abused its discretion when it ordered Appellant to pay $2,390.46 for costs of litigation.

## FACTS

The state charged Bruckner with one count of aggravated assault, and Bruckner pleaded not guilty. A jury found that Bruckner was guilty of one count of the lesser-included offense of assault and battery. As part of the sentence, the trial court ordered Bruckner to pay $2,390.46 for the costs of prosecution. Bruckner appeals from this portion of the judgment and sentence.

## DISCUSSION

Bruckner contends that the trial court abused its discretion when it ordered him to pay the costs of litigation. The state counters that the costs which were imposed by the trial court are authorized under Wyoming law.

■ A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. *Raymond v. Raymond,* 956 P.2d 329, 331 (Wyo.1998). In determining whether the trial court abused its discretion, we must decide the ultimate issue of whether or not the court could have reasonably concluded as it did. *Id.*

The prosecutor filed an itemized statement of costs with the trial court on the day of the sentencing, listing airfare for a witness from Dallas, Texas, and airfare for a witness from Kansas City, Missouri. He also listed mileage for a witness from Worland. In addition, he included the costs of lodging and meals for these witnesses.

■ Costs of prosecution are allowed under WYO. STAT. ANN. § 7-11-505 (Michie 1997):

Payment of the costs of prosecution may be added to and made a part of the sentence in any felony or misdemeanor case if the court determines that the defendant has an ability to pay or that a reasonable probability exists that the defendant will have an ability to pay.

The trial court found that Bruckner had an ability to pay, and Bruckner does not argue otherwise. Instead, he argues that the trial court abused its discretion by ordering him to pay for the witnesses' meals and lodging and by ordering him to pay the witnesses' travel costs which were in excess of the amount that would have been permitted if the statutory mileage rate specified under Rule 501(b)(1) of the Uniform Rules for District Courts of the State of Wyoming had been used.

Bruckner relies on *Kaess v. State,* 748 P.2d 698 (Wyo.1987), for his proposition that travel costs must be awarded on a "mileage basis or actual costs of airline ticket, whichever is less." 748 P.2d at 703. After comparing the amount which would have been permitted had the travel expenses been determined on the basis of mileage rates to the costs of the airline tickets, Bruckner contends that the

cost would have been less if the mileage rate had been used and that, under *Kaess*, the costs of litigation award should be reduced to reflect the difference. Bruckner also asserts that, under *Kaess*, the motel rooms and meals for the witnesses should not have been included in the costs of litigation.

Bruckner's reliance on *Kaess* is outdated. That case was decided before W.R.Cr.P. 17 was amended in 1993. Because Bruckner was convicted in May of 1996, W.R.Cr.P. 17(c)(1) governed the amount which was allowed for the witnesses' travel expenses in his case. W.R.Cr.P. 17(c)(1) provides:

(c) *Allowable fees and expenses.*

(1) Non-expert Fees.—In addition to actual costs of travel, meals and lodging each non-expert witness shall be paid a witness fee of $30.00 for each full day and $15.00 for each half day necessarily spent traveling to and from the proceeding and in attendance at the proceeding.

The trial court properly ordered Bruckner to pay the witnesses' actual travel costs and for their meals and lodging.

Additionally, Rule 501(b)(1) of the Uniform Rules for District Courts dictates the amount of compensation which is to be paid to each witness. It also establishes a mileage rate of twenty-three cents per mile, not to exceed the costs of common carrier transportation rates. Contrary to Bruckner's argument, this rule is not adverse to what the trial court did.

We hold that the trial court did not abuse its discretion when it imposed the costs of litigation and that this imposition was supported by Wyoming law.

Affirmed.